# Walter N. Woodruff *et al.*

## *v.*

## John R. Thorne *et al.*

Implied warranty of title. Where the owner of a lumber yard adjacent to a railroad, in making sale of the lumber yard, professes to sell the superstructure of a side railway, laid upon the street, there is an implied warranty of title as to such side railway.

Appeal from the Superior Court of Chicago.

This was an action in assumpsit, brought by the appellants, Walter N. Woodruff and Jackson E. Woodruff, against the appellees, John R. Thorne and Alexander L. Thorne.

The facts of this case are, that on the 11th day of September, 1867, the appellants bought from appellees their lumber yard and its appurtenances, situated on the south branch of the Chicago river; that among other things they purchased, was a side railroad track, extending along the east side of the yard, a distance of several hundred feet, together with the bumpers driven into the ground at the end of the track; that they paid to appellees for said track, the sum of $525, less 10 per cent., for which there is a written bill of sale duly receipted; that it subsequently appeared, that appellee did not own said track, but that it belonged to the Chicago & Alton Railroad Company; that appellants were obliged to deliver up said property to the company, whereby it was wholly lost to them. They now seek to recover said money back.

The only questions considered, are, did appellees sell this property to appellants, and if so, did they have title to the same?

Mr. G. A. FOLLANSBEE, for the appellants.

Messrs. MONROE & McKINNON, for the appellees.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

It is clear from the evidence, that the appellees, in selling their lumber yard to the appellants, also professed to sell the superstructure of the railway, laid upon the street. Hence, there was an implied warranty of title, and if that has failed, the plaintiffs ought to recover. But the preponderance of the evidence seems to be, that the appellees did own the superstructure. True, the Assistant Superintendent of the Chicago & Alton road testifies, that he supposed that company owned

12—49TH ILL.

the switch, and had a right to place their cars there, when it was not used by the lumber yard ; but he also says, he knows nothing of the arrangement under which the track was built. But John R. Thorne, one of the defendants, testifies that their firm not only did work on the switch, amounting to $318, but the rails were laid by the railway company, under an agreement that the appellees should pay therefor. A bill was presented by the company to the appellees, for the cost of laying the iron, against which they desired to set off a claim against the company, arising out of another transaction. The latter offered to balance the accounts, but the appellees claimed a balance to be their due over and above the cost of laying the switch. This matter is still unsettled. This testimony is corroborated by the road-master, who swears the appellees were to pay for laying the track, and he presented them a bill therefor, after it was laid.

From this testimony it would seem, the switch did belong to the appellees when they sold the yard, and though they may still owe the railway company a part of the cost of its construction, there has been no breach of the implied warranty of title.

*Judgment affirmed.*